IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JON T. WELCH,

             Plaintiff,

v.                                                                    No.

CAVALRY SPV I, LLC, and
MACHOL & JOHANNES, LLLP,

             Defendants.

## COMPLAINT FOR DAMAGES

1. Defendant Cavalry SPV I, LLC, is a debt buyer that purchases charged off debts from the original creditors, and attempts to collect by filing suit.

2. Defendant Machol & Johannes, LLLP, is a collection mill law firm that files cases on behalf of Cavalry SPV I and other debt buyers.

3. Defendants filed a lawsuit against Plaintiff Jon T. Welch in which Defendants stated that they were "entitled" to recover attorney's fees.

4. Under New Mexico law, Defendants were not entitled to an award of attorney's fees.

5. Defendants made the same willful misrepresentation in many lawsuits against other New Mexicans.

6. Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the New Mexico Unfair Practices Act, N.M.S.A. 1978 §57-12-1 *et seq*. ("UPA"), and for tortious debt collection and abuse of process.

**Jurisdiction**

7. This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d), and under 28 U.S.C. §§1331, 1337 and 1367.

**Parties**

8. Plaintiff Jon T. Welch resides in Santa Fe, New Mexico.  He is a "consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant Cavalry SPV I, LLC ("Cavalry") is a Delaware limited liability company. Cavalry's principal business is the collection of consumer debts.  It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.  Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6).  The conduct described herein took place in the regular course of Cavalry's trade or commerce.

10. Defendant Machol & Johannes, LLLP, is a New Mexico limited liability limited partnership. Machol & Johannes's principal business is the collection of consumer debts.  It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. Machol & Johannes is a "debt collector" as defined by 15 U.S.C. § 1692a(6).  The conduct described herein took place in the regular course of Machol & Johannes's trade or commerce.

**Facts**

11. On March 25, 2016, Defendant Cavalry, represented by Defendant Machol & Johannes, filed a lawsuit against Mr. Welch, entitled *Cavalry SPV I, LLC v. Welch*, No. D-101-CV-2016-00782 (N.M. 1st Jud. Dist.).  The Complaint for Money Due ("Complaint") from the lawsuit is attached as Exhibit 1.

12. The Complaint sought judgment against Mr. Welch for amounts allegedly owed relating to a Citibank credit card.

13. In the Complaint, Defendants stated that Cavalry "**is entitled to recover** from [Mr. Welch] the amount of $18,777.50, **plus reasonable attorney's fees**" (emphasis added).

14. Defendants were not entitled to attorney's fees.

15. "New Mexico adheres to the so-called American rule that, absent statutory or other authority, litigants are responsible for their own attorney's fees." *New Mexico Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 9, 127 N.M. 654, 657, 986 P.2d 450, 453 (internal quotation marks and citation omitted).

16. No statute or other authority permits the award of attorney's fees to Cavalry in its lawsuit against Mr. Welch.

17. Defendants were aware of the misrepresentation of their entitlement to attorney's fees, because they routinely litigate collection cases in New Mexico and have reviewed its laws relating to the award of attorney's fees.

18. Mr. Welch was damaged by Defendants' misrepresentation, including the time and expense of defending a meritless claim for attorney's fees, aggravation, inconvenience, and humiliation.

19. Defendants' conduct was willful, malicious, knowing and in conscious or reckless disregard of the rights of Mr. Welch.

20. Defendants' misrepresentations are part of a pattern.   Defendants have requested unauthorized attorney's fees in many cases filed in New Mexico Courts.

21. A substantial award of punitive damages is justified to deter Defendants' misconduct.

### First Claim for Relief: Violations of the FDCPA

22. Defendants violated the FDCPA, including 15 U.S.C. §§ 1692e and 1692f.

23. Plaintiff is entitled to recover statutory damages and actual damages, costs and reasonable attorney fees.

## Second Claim for Relief: Violations of the Unfair Practices Act

24. Defendants are subject to the Unfair Practices Act for their business conduct in New Mexico.

25. Defendants' conduct constituted unfair or deceptive trade practices and unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §57-12-2(D) and (E), and its regulations.

26. Defendants willfully engaged in these unlawful trade practices.

27. Plaintiff is entitled to recover actual or statutory damages, trebled, plus costs and reasonable attorney's fees.

28. Plaintiff is entitled to injunctive relief to prevent irreparable injury that will result from continued collection activities.

## Third Claim for Relief: Tortious Debt Collection

29. Defendants' actions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

30. Plaintiff is entitled to recover actual damages in an amount to be proven at trial, and punitive damages should also be awarded against Defendants.

## Fourth Claim for Relief: Abuse of Process

31. Defendants misused the legal process by requesting attorney's fees that they knew were unauthorized pursuant to New Mexico law.

32. Defendants' primary motive in misusing the legal process was to accomplish the illegitimate end of taking money from Mr. Welch that he did not owe.

33. Defendants caused damages to Mr. Welch, as set forth above.

34. Mr. Welch is entitled to actual and punitive damages.

WHEREFORE, Plaintiff prays that this Honorable Court:

A.  Award actual, statutory, and/or punitive damages as provided above;

B.  Grant injunctive relief;

C.  Award reasonable attorney's fees;

D.  Award costs; and

E.  Grant such other relief as it deems just and proper.


Respectfully submitted,

*/s/Nicholas Mattison*
Nicholas Mattison
Feferman, Warren & Mattison, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)