FILED IN MY OFF
DISTRICT COURT CLE
3/25/2016 4:40:43
STEPHEN T. PACHE
Ginger Sl

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

Case No.: D-101-CV-2016-00782
Case assigned to Singleton, Sarah

Cavalry SPV I, LLC as assignee of Citibank, N.A.,
    Plaintiff

vs.

Jon T Welch,
    Defendant(s)

## COMPLAINT FOR MONEY DUE

COMES NOW, the Plaintiff, by and through its counsel of record Machol & Johannes, LLLP, and hereby submits this Complaint for Money Due, and in support thereof states as follows:

1. Venue is proper in the county named above because the Defendant is an individual believed to be residing in said county at the time of the commencement of this lawsuit and/or the cause of the action arose in this county.

2. This Court has jurisdiction with regard to this cause of action.

3. Citibank, N.A./AAdvantage ("Issuer") issued a credit card in Defendant's name under its account number ***********61988. The Defendant received and used (or authorized the use of) the card and thereby became obligated to pay for the charges incurred on the card.

4. Periodic billing statements were sent to Defendant at his/her address of record wherein information regarding charges made on the account, credits applied to the account and the account balance were indicated for Defendant's review. Statement copy(ies) are attached hereto and incorporated herein.

5. The credit card account was charged off to profit and loss by the Issuer. The account was sold to the Plaintiff. A copy of the Bill of Sale evidencing the transfer of ownership of the Defendant's account to the Plaintiff is attached hereto and incorporated herein.

6. Currently, the amount owed on the account is $18,777.50.

### FIRST CAUSE OF ACTION - IMPLIED CONTRACT

7. The issuance of a credit card constitutes the offer of a contract. See, e.g., Bank One, Columbus, N.A. v. Palmer, 63 Ohio App. 3d 491, 492, 579 N.E.2d 284, 285 (Ohio Ct. App. 1989). The issuance of the credit card constitutes an offer of credit, and the use of the credit card constitutes the acceptance of the offer of credit. Feder v. Fortunoff, 474 N.Y.S. 2d 937 (N.Y. 1984), citing Empire Nat'l Bank v. Monahan, 82 Misc. 2d 808, 370 N.Y.S.2d 840 (N.Y. County Ct. 1975).

8. The Issuer sent the Defendant monthly bills reflecting, inter alia, all charges incurred with the credit card, the monthly payment due, and the total balance due. To the best of the Plaintiff's knowledge and belief, Defendant did not ever send to the Issuer any disputes of the monthly bills or the charges reflected thereon which were not resolved. The Defendant's failure to submit such disputes constitutes an admission of the account balance. See,

**EXHIBIT 1**



2436677

e.g., American Express Travel Related Servs. v. Silverman, 2006 Ohio 6374, 2006 Ohio App. LEXIS 6327 (Ohio Ct. App. Dec. 5, 2006).

9. The Defendant received and used (or authorized the use of) the credit card knowing that the Issuer expected to be repaid for all charges incurred with the card, together with interest thereon. With each use of the credit card the Issuer paid money on Defendant's behalf to the merchant with whom the credit card was used. Defendant is liable for repayment of such sums under the legal theory of implied contract.

10. The Defendant defaulted in the payment obligation on the credit card. Such breach of contract proximately caused the Issuer damages in the amount of the balance due on the credit card account. That obligation has been assigned to the Plaintiff, who is the party entitled to enforce the contract and receive payment of the credit card balance.

11. The Plaintiff is the assignee of the Issuer's right to be repaid by the Defendant for such money had and received, and it is entitled to recover from the Defendant the amount of $18,777.50, plus reasonable attorney's fees, plus court costs in this matter and for any other relief this Court deems necessary. The Plaintiff seeks judgment for such sums, together with post-judgment interest at the rate of 8.75% from the date of judgment until paid in full.

## SECOND CAUSE OF ACTION - ACCOUNT STATED

12. In the alternative, and without waiving the foregoing, the Plaintiff asserts that the Defendant's use of the credit card to purchase goods and services represented a periodic account, for which the Issuer generated regular monthly statements. An account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated. See Capital One Bank (USA) N.A. v Ryan, 2014 WL 4460280, 2015 -Ohio- 3932 and Leonard et al. v Greenleaf, 21 N.M. 180, 153 P. 807, 1915. The Defendant is liable to the Plaintiff, the assignee of the account, for the account balance.

## CONDITIONS PRECEDENT

13. Through its undersigned attorney, the Plaintiff has demanded payment from the Defendant, but the Defendant has not satisfied such demand. The Plaintiff has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

WHEREFORE, the Plaintiff requests an Order from this Court entering a judgment against the Defendant in the amount of $18,777.50, plus reasonable attorney's fees, plus court costs in this matter and for any other relief this Court deems necessary. The Plaintiff seeks judgment for such sums, together with post-judgment interest at the rate of 8.75% from the date of judgment until paid in full.


2436677

Dated: March 17, 2016.

**MACHOL & JOHANNES, LLLP**
Electronically Filed
/s/ Dana K. Grubesic
Dana K. Grubesic
John T.L. Grubesic
Reginald J. Storment
Attorneys for Plaintiff
4209 Montgomery Blvd NE
Albuquerque NM 87109
866/729-3328
Our File No.: 50520487

2436677